IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERRICK L. CUNNINGHAM, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 11-394 |
| | ) |
| vs. | ) |
| | ) |
| WESTMORELAND REGIONAL | ) Judge Arthur J. Schwab/ |
| HOSPITAL; ATTEND[ING] PHYSICIAN | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| and NURSE IN EMERGENCY UNIT | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

The above-captioned pro se prisoner civil rights Complaint was received by the Clerk of Court on March 25, 2011, and was referred to Chief Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.

Chief Magistrate Judge Lenihan's Report and Recommendation, ECF No. [8], filed on April 7, 2011, recommended that the case be dismissed prior to service for three different and independent reasons. First, because the Complaint alleged merely medical malpractice which is a state law tort and since no diversity of citizenship was alleged, the Court lacked jurisdiction over the claim. Second, even if the Court liberally construed the Complaint to be alleging deliberate indifference, the Complaint failed to allege that the Defendants acted under color of State law. Third and finally, the face of the Complaint demonstrated that Plaintiff's claims were time barred. Plaintiff was informed that, in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the local rules, he had a specific period of time in which to file his Objections. On April 18, 2011, the Court received a handwritten filing, captioned

"Claims for Relief." ECF No. [9]. On April 20, 2011, the Court received a typewritten filing, captioned "Claims for Relief," which was similar but not identical to the earlier handwritten filing. The Court liberally construes these filings to constitute Plaintiff's Objections to the Report and will hereinafter refer to these filings collectively as "the Objections" or as "Plaintiff's Objections."

The Court notes that Plaintiff filed five civil rights cases on the same day, *i.e.*, March 25, 2011. See, e.g., Cunningham v. Greensburg Police Dept., Civ A. No. 11-390 (W.D. Pa.); Cunningham v. Westmoreland County Prison, Civ.A. No. 11-392 (W.D.Pa.); Cunningham v. Westmoreland County Prison & Mailhandlers, Civ.A. No. 11-393 (W.D. Pa.); Cunningham v. Westmoreland Regional Hospital, 11-394 (W.D. Pa.) and Cunningham v. Jeannette District Memorial Hospital, Civ.A. No. 11-395 (W.D. Pa.). In four of the cases, Chief Magistrate Judge Lenihan filed Reports recommending pre-service dismissal. Only in Cunningham v. Westmoreland County Prison and Mailhandlers, Civ.A. No. 11-393, did Chief Magistrate Judge Lenihan not recommend pre-service dismissal. It appears that Plaintiff's Objections address all four cases in which Reports were filed.

In the case at bar, Plaintiff alleged that he woke up in the Westmoreland Regional Hospital and that he was not treated properly for his alleged injuries following the alleged use of excessive force by prison guards.

Plaintiff's Objections do nothing to undermine the reasoning of the Report. He utterly fails to address the question of diversity of citizenship or whether the Defendants acted under color of state law. This alone is sufficient to find that the Objections fail to merit rejection of the Report.

Plaintiff does address the statute of limitations rationale. In his Objections, Plaintiff claims that in February and June 2010, he informed various state officials of the alleged use of excessive force. ECF No. [9] at ¶¶ 3 to 6. Plaintiff also claims that on October 4, 2010, he sent in a private criminal Complaint into the "Commonwealth" but nothing ever came of it. Id. at ¶ 7. Having done all of this, Plaintiff fails to explain why he could not also have filed a civil rights Complaint in this Court in a timely manner. As for Attorney Rihn's actions or inactions, the Report in Cunningham v. Greensburg Police Dept., Civ.A. No. 11-390 (W.D. Pa. ECF No. [8] at 9) explains the sequence of events,[1] and shows that Plaintiff failed to keep Attorney Rihn aware of Plaintiff's then-current address, and further shows that Plaintiff failed to act with due diligence in regards to contacting Attorney Rihn, when Plaintiff apparently allowed roughly 10 months to pass, *i.e.*, from March 2010 (when Plaintiff allegedly gave a power of attorney to Attorney Rihn) until January 2011 (when Plaintiff received a letter from Attorney Rihn, indicating that he would not pursue Plaintiff's case). Plaintiff apparently did so knowing that the two year statute of limitations would run out in October 2010. In sum, the Report correctly concluded that Plaintiff's Complaint was filed outside the statute of limitations and that Plaintiff failed to show entitlement to equitable tolling. Nothing in the Objections merits rejection of these conclusions.

Accordingly, after *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, the following Order is entered:

AND NOW, this 28th day of April, 2011,

IT IS HEREBY ORDERED that the case is **DISMISSED** pre-service pursuant to the PLRA because the Complaint fails to state a claim upon which relief can be granted.

---

[1] Plaintiff included copies of letters from Attorney Rihn in Civ.A. No. 11-390 but failed to do so in his other cases.

IT IS FURTHER ORDERED that the Report and Recommendation, ECF No. [8], filed on April 7, 2011, by Chief Magistrate Judge Lenihan, is adopted as the Opinion of the Court, as supplemented by this Memorandum Order.

The Clerk of Court shall mark the case closed.

*s/ Arthur J. Schwab*
Arthur J. Schwab
United States District Judge


cc: The Honorable Lisa Pupo Lenihan
Chief United States Magistrate Judge

DERRICK L. CUNNINGHAM
JU-3758
SCI Chester
500 East 4th Street
Chester, PA 19013